UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Ave SE #231<br>Washington, D.C. 20003<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Ave., SW<br>Washington, D.C. 20201<br><br>*Defendant.* | Civil Action No. |

## COMPLAINT

**1.** America First Legal Foundation ("AFL") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Health and Human Services ("HHS") to comply with its statutory obligations to promptly make available agency records concerning HHS's receipt, processing, investigation, and handling of AFL's civil rights complaint against Henry Ford Health.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief in accordance with 28 U.S.C. § 2201 *et seq*.

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating the findings through reports, press releases, and other media, including social media platforms, to educate the public.

5. Defendant HHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), headquartered at 200 Independence Ave. SW, Washington, D.C. 20201, and has possession, custody, and control of the records AFL seeks.

## FACTS

6. On April 28, 2025, AFL filed a formal civil rights complaint with the HHS Office for Civil Rights ("OCR") requesting an investigation into Henry Ford Health ("HFH"), a federally funded healthcare entity headquartered in Detroit, Michigan. Ex. 1.

7. The complaint alleges that HFH engaged in race- and sex-based discrimination in patient care, organ transplantation, employment, residency and medical education programs, and supplier contracting in violation of Title VI of the

Civil Rights Act of 1964, 42 U.S.C. § 2000d; Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116; Executive Order No. 14173; and 45 C.F.R. § 80.3(b)(2). *Id.*

8. On May 5, 2025, OCR acknowledged receipt of the complaint and assigned it Transaction Number DO-25-619431. Ex. 2.

9. On May 20, 2026, AFL requested a status update from OCR. OCR responded that the complaint had been assigned to Investigator Koshy. Ex. 3. On May 27, 2026, Investigator Koshy confirmed that OCR had opened a compliance review of HFH and stated that OCR was "still investigating the matter." *Id.*

10. When AFL noted that the complaint had been filed more than a year earlier and asked for information on the compliance review timeline, Investigator Koshy responded on May 29, 2026, only that OCR was "still actively investigating the matter" and would provide a substantive update "as soon as there is additional information available regarding the timeline or next steps." *Id.* OCR has provided no substantive information regarding the timeline, progress, or disposition of the compliance review.

11. On July 27, 2026, AFL submitted a FOIA request to HHS via FOIA.gov seeking records from April 28, 2025, through the date of processing relating to the receipt, intake, processing, assignment, investigation, status, and disposition of AFL's complaint against HFH, including correspondence with HFH and other external parties, internal communications, investigative files, and any policy guidance affecting the complaint's handling. Ex. 4.

12. The request identified specific custodians, including OCR Director Paula Stannard, Investigator Jaime Koshy, Jammie Randolph of OCR's Enforcement Division, the officials responsible for complaint processing in OCR Region V, and all other OCR personnel involved in Case Number DO-25-619431. *Id.*

13. AFL requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27, based on the urgent need to inform the public about how OCR is handling civil rights complaints alleging systemic race-based discrimination in federally funded healthcare, including the allocation of donated organs. *Id.*

14. AFL also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 45 C.F.R. § 5.54, and production on a rolling basis. *Id.*

15. On July 27, 2026, HHS sent AFL an automated acknowledgment email assigning the request tracking number 2026-HHS-FOIA-003813. Ex. 5.

16. On August 26, 2026, having heard nothing further from HHS since the July 27, 2026, acknowledgment, AFL emailed HHS requesting a status update on its FOIA request. Ex. 6.

17. On August 28, 2026, HHS responded to AFL's status request with an email stating that FOIA requests are generally processed on a "first-in, first-out basis," that the office was managing "a substantial backlog of nearly 13,500 pending FOIA requests," and that HHS was "unable to provide a more specific status update or estimated completion date." Ex. 7.

18. As of the date of this filing, AFL has received no responsive records from HHS concerning this FOIA request. Despite the passage of more than the statutory

20 working days and any permissible 10-day extension, HHS has not made a determination on AFL's request, has not issued any determination on AFL's request for expedited processing or its fee waiver request, has not produced any records, and has not otherwise communicated with AFL beyond the August 28, 2026, status email.

**CLAIM FOR RELIEF**

**Violation of FOIA, 5 U.S.C. § 552**

19. AFL repeats and realleges paragraphs 1–18, as fully set forth herein.

20. AFL properly requested records within HHS's possession, custody, and control.

21. FOIA requires HHS to determine within 20 working days after receipt of a request whether to comply and to immediately notify the requester of that determination, the reasons therefore, and the requester's right to appeal an adverse determination. *See* 5 U.S.C. § 552(a)(6)(A)(i).

22. FOIA also requires that a determination of whether to provide expedited processing be made, and notice of the determination be provided to the requester, "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I); *see also* 45 C.F.R. § 5.27(c). An agency's "failure . . . to respond in a timely manner to such a request" is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

23. AFL requested expedited processing based on an urgent need to inform the public about OCR's handling of civil rights complaints alleging systemic race-based discrimination in federally funded healthcare, including the allocation of

donated organs. HHS failed to make or communicate a determination on that request within 10 days, as FOIA requires. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

24. HHS has failed to comply with FOIA's statutory deadlines. HHS has not made a determination on AFL's request or on AFL's request for expedited processing, has not produced any responsive records, and has not identified any records it intends to withhold or any exemption it contends applies. HHS did not provide written notice of unusual circumstances under 5 U.S.C. § 552(a)(6)(B). The backlog and first-in, first-out processing cited in HHS's August 28, 2026, email are not unusual circumstances, do not toll or extend the statutory deadline, and do not constitute exceptional circumstances, which "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). HHS has made no such demonstration. The August 28, 2026, email is not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

25. Accordingly, AFL has constructively exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

26. HHS has violated the FOIA by unlawfully withholding non-exempt records responsive to this request. *See* 5 U.S.C. § 552(a)(3)(A).

27. AFL is entitled to injunctive relief compelling HHS to conduct a search reasonably calculated to uncover all responsive records, to promptly produce all non-exempt records by a date certain, and to produce a *Vaughn* index for any withheld materials.

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests this Court:

i. Declare that the records sought by this request, as described in the foregoing, must be disclosed pursuant to 5 U.S.C. § 552;

ii. Order HHS to conduct, by a date certain, a search reasonably calculated to locate all records responsive to AFL's FOIA request, including all locations and custodians likely to contain responsive materials, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

iii. Order HHS to produce by a date certain all non-exempt records responsive to AFL's FOIA request, accompanied by a *Vaughn* index of any responsive records or portions of responsive records being withheld under a claim of exemption;

iv. Order HHS to process this request on an expedited basis and grant AFL's fee waiver request;

v. Award AFL attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi. Grant AFL such other and further relief as this Court deems just and proper.

Dated: November 17, 2026

Respectfully submitted,

/s/ Megan D. Redshaw
Megan Redshaw (DC Bar No. 90046759)
AMERICA FIRST LEGAL FOUNDATION

611 Pennsylvania Avenue SE #231
Washington, DC 20003
Megan.Redshaw@aflegal.org
(301) 887-3704

*Counsel for America First Legal Foundation*